1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    Jaime Bernal,                         )    No. CV-12-1640-PHX-PGR (BSB)
                                           )
10            Petitioner,                   )    **ORDER AND REPORT AND**
                                           )    **RECOMMENDATION**
11   vs.                                    )
                                           )
12   Charles L. Ryan, et. al,               )
                                           )
13                                          )
              Respondents.                  )
14   _____)

15        Petitioner Jaime Bernal has filed a Petition for Writ of Habeas Corpus pursuant to 28

16   U.S.C. § 2254. (Doc. 1.) Respondents argue that the Petition should be dismissed as untimely.

17   (Doc. 12.)  Alternatively, Respondents argue that Petitioner's claims are not cognizable on

18   federal habeas corpus review or that they are procedurally defaulted and barred from federal

19   habeas review. Petitioner has not filed a reply and the time to do so has passed.  For the reasons

20   set forth below, the Court recommends that Petition be denied and dismissed as untimely.

21   **I.     Factual and Procedural Background**

22        **A.  Charges, Trial, and Sentencing**

23        On August 7, 1992, the State of Arizona indicted Petitioner on two counts of attempted

24   first degree murder.  (Respondents' Ex. A.)[1]  Petitioner was convicted of both counts on June

25   8, 1993.  (Respondents' Exs. B and C.)  The trial court sentenced Petitioner to an aggravated

26   _____

27        [1]  Citations to "Respondents' Ex." refer to exhibits A-L and M-P attached to
     Respondent's Limited Answer to Petition for Writ of Habeas Corpus, located at Doc. Nos. 12-1
28   and 12-2, respectively.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

sentence of twenty-eight years' imprisonment on each count, to run consecutively. (Respondents' Ex. D.) Petitioner filed a timely appeal.[2] (Respondents' Ex. E; Doc. 1, Ex. K.[2]) On October 27, 1994, the Arizona Court of Appeals (appellate court or court of appeals) affirmed Petitioner's convictions and sentences. Petitioner did not seek review in the Arizona Supreme Court.

### B. State Post-Conviction Proceedings

#### 1. First Post-Conviction Proceeding

On January 13, 2003, Petitioner filed a notice of post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32. (Respondents' Ex. F.) Petitioner subsequently filed a petition for post-conviction relief asserting that: (1) he was improperly shackled during trial, (2) the court erred in denying his request for change of counsel, (3) the court erred in denying his request to obtain his own DNA test, (4) the pre-sentence report included several errors, (5) his aggravated sentence violates Arizona law, (6) the court erred in failing to instruct the jury on self-defense and gave an incorrect instruction on reasonable doubt, (7) the prosecutor engaged in misconduct during closing argument, (8) Petitioner received ineffective assistance of trial and appellate counsel, (9) the state improperly presented perjured testimony, and (10) the "2000 Arizona laws were changed to include post-conviction relief petitions based on DNA evidence." (Respondents' Ex. G.) On February 19, 2003, the trial court dismissed the post-conviction proceeding as untimely under Rule 32.4(a). (Respondents' Ex. H.)

On October 11, 2011, Petitioner filed a motion in the trial court seeking leave to file a

----

[2]  Although Respondents cite extensively to the court of appeals' decision affirming Petitioner's convictions and sentences, they only filed a copy of the Order and Mandate. (Doc. 12, Ex. E.) Petitioner did not attach copy of that decision to his Petition. Because the Court's resolution of this Petition is based on procedural grounds, it does not require consideration of the merits of the appellate court's decision. Nonetheless, in the interest of a complete record, the Court directs Respondents to file the court of appeals' October 27, 1994 opinion and to serve a copy on Petitioner.

[2]  "Doc. 1, Ex. K" is located at CM/ECF document 1-3 page 4.

1   delayed petition for review in the court of appeals.  (Respondents' Ex. N.)  On October 25,

2   2011, the trial court denied Petitioner's motion and found that Petitioner had not diligently

3   pursued his rights to file a delayed petition for review and had not provided sufficient

4   justification for his request to do so.  (Respondents' Ex. O.)

### 2. Second Post-Conviction Proceeding

5

6       On January 16, 2009, Petitioner filed a second notice of post-conviction relief and

7   subsequently filed a petition for post-conviction relief.  (Respondents' Exs. I and J.)  Petitioner

8   argued that his aggravated sentences violated *Blakely v. Washington*, 542 U.S. 296 (2004),

9   because a jury did not find the aggravating factors beyond a reasonable doubt.  (Respondents'

10  Ex. J.)  The trial court rejected this claim because Petitioner's conviction was final before the

11  Supreme Court decided *Blakely,* which does not apply retroactively. (Respondents' Ex. K.)

12  Petitioner filed a petition for review, which the court of appeals denied on August 25, 2010.

13  (Respondents' Exs. L  and M.)

### C. Federal Petition for Writ of Habeas Corpus

14

15      On April 11, 2012, Petitioner filed the pending Petition for Writ of Habeas Corpus

16  pursuant to 28 U.S.C. § 2254 raising the following three grounds for relief: (1) ineffective

17  assistance of trial and appellate counsel for failing to challenge the imposition of aggravated

18  sentences and the "entire changes" to Rule 32, (2) the post-conviction court improperly denied

19  an evidentiary hearing during post-conviction proceedings and improperly denied Petitioner's

20  request to file a delayed petition for review of the denial of his first post-conviction proceeding;

21  and (3) the trial court erred in imposing an aggravated sentence. (Doc. 1.) As discussed below,

22  the Petition is untimely and should be dismissed on that basis.

### II.    Statute of Limitations

23

24      The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides a one-year

25  statute of limitations for a state prisoner to file a petition for writ of habeas corpus in federal

26  court.  28 U.S.C. § 2244(d)(1).  The limitations period runs from "the date on which the

27  [challenged state court] judgment became final by the conclusion of direct review or the

28

1

expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

2

3

4

5

6

7

8

9

After his conviction and sentencing, Petitioner sought direct review in the Arizona Court of Appeals.  The court of appeals affirmed Petitioner's convictions and sentences on October 27, 1994, and his judgment of conviction became final thirty days later.  *See Hemmerle v. Schriro*, 495 F.3d 1609, 1073-74 (9th Cir. 2007) (in Arizona, a direct appeal is final upon the expiration of the time for seeking review of the court of appeals' decision in the Arizona Supreme Court, rather than upon the issuance of the mandate); Ariz. R. Crim. P. 31.19(a) (an Arizona litigant must file a petition for review by the Arizona Supreme Court within thirty days after the court of appeals files its decision).

10

11

12

13

14

15

16

17

Accordingly, Petitioner's judgment of conviction became final on November 27, 1994, well before the AEDPA's April 24, 1996 effective date.  State prisoners, like Petitioner, whose convictions became final before the enactment of the AEDPA, had a one-year grace period, until April 24, 1997, to file a federal petition for writ of habeas corpus.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) ("AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment date is governed by Rule 6(a) and ended on April 24, 1997 in the absence of statutory tolling.").  Petitioner did not file his pending Petition until August 1, 2012, therefore, absent tolling it is untimely by more than fifteen years.

18

### A.  Statutory Tolling

19

20

21

22

23

24

25

26

27

The limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (in Arizona, filing a notice of post-conviction relief tolls the AEDPA statute of limitations).  Here, the AEDPA limitations period commenced on April 24, 1996 and expired on April 24, 1997.  Petitioner did not have any state collateral proceedings pending during that time.  After the limitations period expired, Petitioner filed two separate notices of post-conviction relief.  (Respondents' Exs. F and I.)  Because the AEDPA statute of limitations had expired by the time Petitioner commenced those post-conviction proceedings, they did not toll the limitations

28

1    period.

2        Once the AEDPA limitations period expires, a subsequently filed notice of post-

3    conviction relief cannot restart the statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th

4    Cir. 2001). "Section 2244(d)(2) cannot 'revive' the limitation[ ] period (i.e., restart the clock

5    at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitation[]

6    period is expired, collateral petitions can no longer serve to avoid a statute of limitation[ ].'"

7    *Johnson v. Galaza*, 2001 WL 125312, at *1 (N.D. Cal. Feb. 7, 2001) (quoting *Rashid v.*

8    *Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (modifications in original)).  *See also*

9    *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does

10   not permit reinitiation of the limitations period that has ended before the state petition was

11   filed.").

12       Additionally, Petitioner is not entitled to tolling for the gap between the dismissal of his

13   first post-conviction action on February 19, 2003, and the filing of his second notice of post-

14   conviction relief on January 16, 2009.  In the Ninth Circuit, there is a two-part test to determine

15   whether gap tolling applies.  *See Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007)

16   (*citing King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003)).  "First, [the court asks] whether the

17   petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims

18   in the first petition.  If not, these petitions constitute a 'new round' and the gap between the

19   rounds is not tolled."  *King*, 340 F.3d at 823 (citing *Biggs v. Duncan*, 339 F.3d 1045 (9th

20   Cir. 2003)).  But, if the subsequent petition "simply attempted to correct the deficiencies" in the

21   prior petition, the petition is construed as part of the first "full round" of collateral review.

22   *King*, 340 F.3d at 823.  In such circumstances, the court determines whether the later petition

23   was denied on the merits or deemed untimely.  If the petition was denied on the merits, the

24   period between the two properly filed petitions is tolled.  If the petition was deemed untimely,

25   that gap is not tolled.  *Id.*

26       Here, Petitioner cannot satisfy the requirements for gap tolling.  First, because the statute

27   of limitations had expired before Petitioner filed his first notice of post-conviction relief, there

28
                                            - 5 -

1  was no limitations period to toll during the gap between the conclusion of his first post-

2  conviction action and the commencement of his second post-conviction action. Additionally,

3  Petitioner's second post-conviction petition raised a new claim — a *Blakely* challenge to his

4  sentences — and did not merely elaborate on the claims raised in his first post-conviction

5  proceeding. Thus, the second post-conviction action was a "new round" of post-conviction

6  review and gap tolling does not apply. *See King,* 340 F.3d at 823. Accordingly, statutory

7  tolling does not apply and the AEDPA limitations period expired on April 24, 1997. Petitioner

8  filed the pending Petition over fifteen years later, on August 1, 2012, and it is untimely unless

9  equitable tolling applies.

10      **B. Equitable Tolling**

11      Because the limitations period of § 2244(d) is a statute of limitations and not a

12  jurisdictional bar, it may be equitably tolled. *Holland v. Florida*, ___ U.S.___, 130 S.Ct. 2549,

13  2560 (2010). A petitioner, however, is entitled to equitable tolling only if he establishes:

14  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

15  stood in his way." *Pace*, 544 U.S. at 418. "The diligence required for equitable tolling

16  purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 130 S.Ct. at 2565

17  (internal citations and quotations omitted).

18      Here, Petitioner does not specifically address the untimeliness of his Petition. (Doc. 1.)

19  Petitioner has not articulated, and the record does not reveal, any extraordinary circumstance

20  that would justify equitable tolling. *See Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003)

21  (noting that "equitable tolling only [applies] where 'external forces, rather than a petitioner's

22  lack of diligence, account for the failure to file a timely claim.'") (quoting *Miles v. Prunty*, 187

23  F.3d 1104, 1107 (9th Cir. 1999)). Petitioner's lack of familiarity with the law and lack of legal

24  assistance do not constitute extraordinary circumstances sufficient to toll the limitations period.

25  *See Ballesteros v. Schriro*, 2007 WL 666927 at \*5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro*

26  *se* status, ignorance of the law, lack of representation during the applicable filing period, and

27  temporary incapacity do not constitute extraordinary circumstances).

28

1
2
3
4
5
6
7
8

Although Petitioner does not directly address the timeliness of his Petition under the AEDPA, his Petition indicates that he filed a notice of post-conviction relief on January 3, 1995 but that the trial court "ignored all proceedings." (Doc. 1 at 4.)  The trial court's docket in the underlying criminal case includes a January 3, 1995 entry stating "preparation of the post-conviction relief record," but the record does not contain any evidence that Petitioner submitted a notice of post-conviction relief on that date.  Instead, the record reflects that he filed his first notice of post-conviction relief on a different date, January 13, 2003.  (Respondents' Ex. F; Doc. 1, Supplement at 5i.)

9
10
11
12
13
14
15
16
17

Petitioner also appears to argue that he was trying to obtain transcripts before filing his notice of post-conviction relief.  He states that on October 25, 2001, he "sent a letter to the Clerk of the Court again requesting the sentencing transcript."  (Doc. 1, Supplement at 5i.) Because several years passed between January 3, 1995, when Petitioner claims he filed a notice of post-conviction relief, and Petitioner's request for transcripts in 2001, the Court concludes that he was not diligently pursuing his rights and is not entitled to equitable tolling. *See Roy v. Lambert*, 465 F.3d 964, 972 (9th Cir. 2006) (opining that it is "important" that petitioners have "pursued their claims within a reasonable period of time before the external impediment" alleged to warrant equitable tolling occurred).

18
19
20

Because Petitioner has not presented any circumstance that would justify equitably tolling the AEDPA statute of limitations, his § 2254 Petition should be denied as untimely and the Court need not consider Respondents' alternative grounds for denying the Petition.

21

**III.   Conclusion**

22
23
24

Because Petitioner filed the pending Petition for Writ of Habeas Corpus several years after the expiration of the statute of limitations and statutory and equitable tolling do not apply, the Petition should be dismissed as untimely.

25

Accordingly,

26
27

**IT IS ORDERED** that within five days of this Order, Respondents shall file with the Court and serve on Petitioner a complete copy of the Arizona Court of Appeals decision

28

- 7 -

identified as "Exhibit E" to their Limited Answer to Petition for Writ of Habeas Corpus. (*See* Doc. 12.)

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

DATED this 8th day of May, 2013.

_____
Bridget S. Bade
United States Magistrate Judge